UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

DAWIN SALEM                                                                                    PLAINTIFF

V.                                                               CIVIL ACTION NO. 3:09CV421-DPJ-JCS

J.P. MORGAN CHASE & CO.,
AND CREDITORS INTERCHANGE
RECEIVABLE MANAGEMENT, INC.                                                DEFENDANTS

ORDER

This cause is before the Court on motion of Defendant Chase Bank USA, N.A., incorrectly sued as "J.P. Morgan Chase & Co.," ("Chase") to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff Dawin Salem has responded in opposition. The Court, having considered the memoranda and the pertinent authorities, concludes that Defendant's motion should be granted.

I.      Facts and Procedural History

Plaintiff Dawin Salem filed this action against Chase and Creditors Interchange Receivable Management, Inc., ("Creditors") for violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.*[1] In her Complaint, Plaintiff alleges that she received correspondence from Creditors, a "third party debt collector," in April 2009, "regarding a debt originally owed" to Chase. Compl. ¶ 9. She explains that she subsequently retained counsel, she provided Creditors with her attorney's contact information, and a representative of Creditors began speaking directly with her attorney. Plaintiff's primary complaint is that Creditors

---

[1] Plaintiff filed suit in state court, and Chase removed the case to this court, citing diversity jurisdiction. Creditors joined in the removal, but it is not clear from the docket if Creditors has made an appearance or filed an answer in federal court. Chase also filed a counterclaim against Salem.

continued to contact her by telephone. Plaintiff alleges that Creditors intentionally violated the FDCPA and Chase is "liable for the wrongful acts" of Creditors. Complaint ¶ 26. Chase filed the instant motion to dismiss, and Plaintiff has responded in opposition.

II.     Analysis

  A. Motion to Dismiss Standard

In considering a motion under Rule 12(b)(6), the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)). To overcome a Rule 12(b)(6) motion, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 555 (citations and footnote omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id*. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

The Supreme Court's recent examination of the issue in *Iqbal* provides a framework for examining the sufficiency of a complaint. First, the district court may "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of

truth." *Id*. Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."[2] *Id*.

B.   Plaintiff's Complaint

The FDCPA was enacted to "eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e). A "debt collector" is an individual who engages in "the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or assert to be owed or due another." 15 U.S.C. § 1692a(6). Chase submits that the FDCPA does not apply to the originating lender, *McZeal v. Ocwen Financial Corp.*, 252 F.3d 1355, 2001 WL 422375, at *1 (5th Cir. 2001) (unpublished table decision), and it is not vicariously liable under the FDCPA for Creditors' alleged conduct, *Freeman v. CAC Financial, Inc.*, Civil Action No. 3:04CV 981 WS, 2006 WL 925609, at *3 (S.D. Miss. March 31, 2006). Plaintiff appears to concede these points, arguing instead that Chase was negligent in hiring Creditors and is liable for Creditors' acts under agency principles. Resp. at 4.

Specifically, Plaintiff asserts that "Chase was solely responsible for their choice in hiring, retaining, or otherwise associating" Creditors and "[i]t is that choice of [Creditors] together with the relationship between them . . . which forms the basis of Plaintiff Salem's claims against Defendant Chase." *Id.* Such allegations could conceivably state a claim. *See, e.g., Freeman*, 2006 WL 925609, at *4 ("[I]f the plaintiffs . . . can show that [the lender] knew how [the debt collector] was conducting itself in the process of collecting their account, then, under Mississippi

---

[2]Notably, Plaintiff premises her response on a now renounced standard of review based on cases decided before the United States Supreme Court addressed Rule 12(b)(6) in *Twombly* and *Iqbal*.

law, there may be a finding of liability."). However, cases like *Freeman* are distinguishable, because Plaintiff's Complaint does not contain claims against Chase "based on negligence and agency."[3] *Id.*

In the first paragraph of her Complaint, Plaintiff represents that she is bringing this action against Chase and Creditors "for violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. [§] 1692 *et seq.*" Compl. ¶ 1. The "Factual Allegations" section of Plaintiff's Complaint contains only one reference to Chase – the fact that the debt was "originally owed" to Chase. Compl. ¶ 9. Plaintiff alleges no facts to suggest that Chase negligently hired Creditors, had an agency relationship with Creditors, or to suggest wrongdoing on the part of Chase. In her "Claim for Relief," Plaintiff asserts:

> 22. That the Defendants' actions evidence a breach of their responsibilities under the FDCPA.
> 23. That Plaintiff has suffered damages due to the actions, inactions and conduct of the Defendants.
> 24. That the Defendants have duties to each consumer as provided in the FDCPA and other states' laws.
> 25. That the Defendant Creditors Interchange Receivable Management, LLC has willfully and intentionally violated the FDCPA including 15 U.S.C. [§] 1692c.
> 26. That the Defendant J.P. Morgan Chase & Co. is liable for the wrongful acts of the Defendant Creditors Interchange Receivable Management, LLC.
> 27. In addition, the Defendants are liable unto Plaintiff in a sum to be assessed by the trier of fact for punitive/exemplary damages under common law, states' laws and/or willful violations(s) of the provisions of the FDCPA.
> 27. [sic] That the Defendants have negligently, recklessly, willfully and/or intentionally violated the FDCPA thereby causing damage to Plaintiff.

Plaintiff repeatedly references violation of the FDCPA; claims based on negligent hiring and agency are decidedly absent. *See generally Fouche' v. Shapiro & Massey L.L.P.*, 575 F. Supp.

---

[3] *Freeman* is also distinguishable because the Court applied the now rejected "no set of facts" standard found in *Conley v. Gibson*, 355 U.S. 41, 46 (1957). The Supreme Court declined to apply that standard in *Twombly*.

2d 776, (S.D. Miss. 2008) (granting summary judgment) ("And while it has been held that a creditor may be liable for common law negligence based on a lack of care in selecting, instructing and supervising third-party debt collectors, there has been no such allegation or proof to that effect against [the lender] in this case." (citation to *Freeman* omitted)).

Plaintiff submits in her response that she referenced unidentified "state law" claims, but there are no factual averments supporting the statement, and the generic invocation of "state law" violations falls well short of *Iqbal* and *Twombly*. She also points out that in Paragraph 26 of her Complaint she averred that Chase "is liable for the wrongful acts of" Creditors. However, the preceding paragraphs of the Complaint relate to Creditors' alleged violation of the FDCPA. This suggests a claim for vicarious liability under the FDCPA rather than a claim of agency -- a term that appears nowhere in the Complaint. Regardless, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555). Merely claiming that Chase is somehow responsible for Creditors' acts is no less conclusory than the averments addressed in *Iqbal* and *Twombly*. *Iqbal*, 129 S. Ct. at 1951 (holding that the following averments were nothing more than "bald allegations" not entitled to presumption of truth: (1) that "petitioners 'knew of, condoned, and willfully and maliciously agreed to subject [him]' to harsh conditions of confinement 'as a matter of policy, solely on account of [his] religion, race, and/or national origin and for no legitimate penological interest'"; (2) that "Ashcroft was the 'principal architect' of this invidious policy"; and (3) "that Mueller was 'instrumental' in adopting and executing" the policy); *Twombly*, 550 U.S. at 555 (finding as conclusory averment

5

that petitioners adopted a policy "'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group").

As stated by the Fifth Circuit Court of Appeals, "[w]here the complaint is devoid of facts that would put the defendant on notice as to what conduct supports the claims, the complaint fails to satisfy the requirement of notice pleading." *Anderson v. U.S. Dep't of Housing & Urban Dev.*, 554 F.3d 525, 528 (5th Cir. 2008) (applying *Twombly*).[4]

III. Conclusion

Although plaintiff states potential claims against Chase in her response, "under Rule 12(b)(6), whether to dismiss for failure to state a claim, the court considers, of course, only the allegations of the complaint." *Sw. Bell Tel., LP v. City of Houston*, 529 F.3d 257, 263 (5th Cir. 2008). Accordingly, based on the standards of Rule 12(b)(6) as they now exist, the Court concludes that the Complaint fails to state a claim against Chase upon which relief may be granted.

**SO ORDERED** this the 4th day of December, 2009.

> s/ *Daniel P. Jordan III*
> UNITED STATES DISTRICT JUDGE

---

[4] *See United States ex rel. v. Kanneganti*, 565 F.3d 180, 185 (5th Cir. 2009) (holding that "*Twombly* standard replaces the lenient and longstanding rule").